

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-174-GWU

KATHLEEN PERDUE,  PLAINTIFF,

VS.  **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,  DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \* \*

The Commissioner has filed a Motion to Alter or Amend the Court's Judgment of February 21, 2006, arguing that (1) a mistake of fact was set forth in the accompanying Memorandum Opinion; and (2) the restrictions listed in Mental Residual Functional Capacity Assessment Mental RFC forms (SSA-4734-F4-SUP) under the heading Summary Conclusions are not, in fact, findings concerning functional capacity.

On the first issue, one of the paragraphs in the Memorandum Opinion at p. 9 did mistakenly state that the hypothetical question contained no reference to an inability to interact with the general public or respond to changes in the work setting. The Memorandum Opinion will be amended to strike these references.

In other respects, the Commissioner's contention that the narrative statement in Part III of the Mental RFC is controlling is unpersuasive. The Mental RFC form itself states that Part III is for "<u>elaborations</u> on the preceding capacities." (Emphasis added). Comments from the Commissioner's Program Operations Manual System (POMS) are also cited, which indicates that Section 1 of a Mental RFC assessment is "merely a

worksheet" and "does not constitute an RFC assessment." POMS Section 24510.060 B2. Although the POMS has been cited as persuasive, albeit not controlling, authority, see, e.g., <u>Davis v. Secretary of Health and Human Services</u>, 867 F.2d 336, 340 (6th Cir. 1989), this argument is unpersuasive. Section I of the form is captioned "Summary Conclusions" and provides that Section III of the form is to be used for a "[d]etailed explanation of the degree of limitation for each category," and as noted earlier, Section III itself is for an "<u>elaboration</u> on the preceding capacities."

Therefore, at a minimum, 20 C.F.R. Section 404.1527(f)(2)i) requires an explanation of the ALJ's reasoning in rejecting the opinions of the state agency reviewing sources.

This the _8_ day of November, 2006.

G. WIX UNTHANK
SENIOR JUDGE